**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandy M. Huber, | No. CV-10-8043-PCT-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

An administrative law judge ("ALJ") denied Plaintiff's application for supplemental security income. Doc. 20, Tr. 19-29. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 5-8. Plaintiff then brought this action for judicial review pursuant to 42 U.S.C. § 405(g). Doc. 1. The Court reversed Defendant's decision and remanded the case for an award of benefits. Doc. 25.

Plaintiff has filed a motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 28. Defendant has filed a response. Doc. 30. Oral argument has not been requested. For reasons stated below, the Court will grant the motion and award Plaintiff fees in the amount of $3,911.86 plus $350 in costs.

"The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act,

42 U.S.C. § 405(g). Doc. 25; *see Shalala v. Schaefer*, 509 U.S. 292, 301 (1993); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The Court should award reasonable attorneys' fees under the EAJA unless Defendant shows that his position in this case was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258.

Defendant does not contend that an award of fees in this case would be unjust. Nor has he shown that each position taken in defense of the ALJ's erroneous decision was substantially justified.

In finding that Plaintiff's impairments do not meet the listing for mental retardation, listing 12.05, the ALJ committed clear error. A claimant's impairment meets listing 12.05 "where it satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria[.]" 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A).

The ALJ found that there is no evidence that Plaintiff meets the two paragraph C criteria for listing 12.05. Tr. 22. But Plaintiff's valid IQ scores of 65 and 66 (Tr. 329) unquestionably satisfy the first prong of paragraph C. *See Fanning v. Bowen*, 827 F.2d 631, 633 (9th Cir. 1987). Under *Fanning* and § 12.00(A), the ALJ's finding that Plaintiff's depressive disorder is severe satisfies the second prong of paragraph C. *See Frazier v. Astrue*, No. CV-09-3063-CI, 2010 WL 3910331, at *5 (E.D. Wash. Oct. 4, 2010). The paragraph C criteria clearly were met in this case.

The diagnostic description for mental retardation is "significantly subaverage general intellectual functioning with deficits in adaptive functioning" initially manifested during the developmental period, that is, before age 22. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. As explained more fully in the order of reversal (Doc. 25 at 4-5), the record is replete with evidence that Plaintiff had subaverage intellectual functioning with deficits in adaptive function before she was 22 years old. Indeed, Plaintiff's subaverage intellectual functioning resulted from *congenital* galactosemia. *See* Tr. 21. When she

was 13 years old, Plaintiff had IQ scores as low as 53, suggesting "a level of functioning many years and grades below [normal]." Tr. 181-82. Plaintiff was enrolled in special education classes since middle school, and completed high school with a modified diploma. Tr. 23-24, 348. In short, the ALJ clearly erred in finding (Tr. 23) no history of deficits in adaptive functioning as required to meet the diagnostic description of mental retardation. *See, e.g.*, *Blackwell v. Comm'r of Soc. Sec.*, No. CIV S-08-1454 EFB, 2010 WL 1267811, at *5 (E.D. Cal. Mar. 31, 2010).

The ALJ also committed legal error in relying on the fact that Plaintiff has had no formal diagnosis of mental retardation. Tr. 23. Listing 12.05 does not require a diagnosis or medical finding of mental retardation, but relies instead on valid IQ scores in conjunction with other evidence to establish "subaverage general intellectual functioning." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. Listing 12.05 is different than most other listings in that it requires only that a claimant's impairment satisfy a diagnostic description. *See Blackwell*, 2010 WL 1267811, at *5. Stated differently, a claimant can meet listing 12.05(C) "without having to demonstrate a disabling, or even severe, level of mental functioning impairment." *Gomez v. Astrue*, 695 F. Supp. 2d 1049, 1057 (C.D. Cal. 2010). In promulgating listing 12.05(C), and its requirement of IQs between 60 and 70, the Commissioner expressly singled out individuals with mild mental retardation "for special treatment in determining entitlement to disability benefits." *Brown v. Sec'y of HHS*, 948 F.2d 268, 270 (6th Cir. 1991).

Defendant notes that doctors had diagnosed borderline intellectual functioning (Doc. 30 at 5), but cites no legal authority holding that this diagnosis precludes a claimant from satisfying the listing for mental retardation. As previously explained (Doc. 25 at 7), the argument that a claimant must show intellectual functioning below the range of borderline through some manner other than IQ scores "finds no support in Listing 12.05 (C)." *Lewis v. Astrue*, No. C 06-6608 SI, 2008 WL 191415, at *5 (N.D. Cal. Jan. 22, 2008). In summary, the defense of the ALJ's clearly erroneous finding that Plaintiff's

impairments do not meet the listing for mental retardation was not substantially justified.

Plaintiff is entitled to an award of fees and costs as a prevailing party, and because Defendant has not shown that his position in this case was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(a), (d). Plaintiff's counsel has filed an affidavit (Doc. 28-2) and an itemized statement of fees (Doc. 28-3) showing that 22.75 hours were spent on this case and that the fees total $3,911.86 ($172 per hour). Having reviewed the affidavit and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds the amount of the requested fee award to be reasonable. The EAJA requires that the award be made directly to Plaintiff, the "prevailing party." 28 U.S.C. § 2412(d); *see Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010).

**IT IS ORDERED:**

1. Plaintiff's motion for attorneys' fees and costs (Doc. 28) is **granted**.

2. Plaintiff is awarded **$3,911.86** in attorneys' fees and **$350.00** in costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 22nd day of March, 2011.

_____
David G. Campbell
United States District Judge